UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOMATED PACKAGING SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FREE FLOW PACKAGING INTERNATIONAL, INC., <br><br> Defendant. | Case No. 18-cv-00356-EMC <br><br> **ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL, AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S ADMINISTRATIVE MOTION TO SEAL** <br><br> Docket Nos. 164, 168 |

Plaintiff Automated Packaging Systems, Inc. ("APS") seeks permission to file a claims chart from its infringement contentions under seal because Defendant Free Flow Packaging International, Inc. ("FPI") has designated it "Attorneys' Eyes Only" under a stipulated protective order. *See* Docket No. 164. Simultaneously, FPI seeks permission to seal a claim chart from its non-infringement contentions. In support of both requests,[1] FPI contends that the charts "constitute[], reflect[], contain[], or discuss[] confidential information that is protectable as trade secrets," including "proprietary and confidential methods of manufacturing [the FPI] products." Baird Decl. ¶ 2 (Docket No. 167); *see also* Baird Decl. ¶ 2 (Docket No. 168-1).

Both sealing requests are overbroad. A request for sealing "must be narrowly tailored to seek sealing only of sealable material." Local Civ. R. 79-5(b). A party requesting sealing bears the burden of justifying its request. Its burden "will turn on whether the motion is more than tangentially related to the merits of a case." *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). If so, then sealing must be supported by "compelling reasons;" if

---

[1] Because FPI was the designating party, it bears the burden of supporting both requests. *See* Local Civ. R. 79-5(e).

1  not, then sealing need only be supported by "good cause." *Id.* at 1101-1102. Although the motion
2  here relates to a procedural matter (whether to consider an early summary judgment or Rule 41
3  motion), the underlying materials relate to the very merits of the case (infringement and non-
4  infringement contentions). The "compelling reasons" standard should apply. *Id.* Under this
5  standard, "the party [requesting sealing] must articulate compelling reasons supported by specific
6  factual findings" that outweigh public policies favoring disclosure, and "the court must
7  conscientiously balance the competing interests of the public and the party who seeks to keep
8  certain judicial records secret." *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178-79
9  (9th Cir. 2006) (citations, quotations, and alterations omitted).

Compelling reasons may exist when court files reveal trade secrets. *Id.* at 1179. However, most of the filed materials do not reveal such trade secrets. The claim chart from APS's infringement contentions consists of photographs and diagrams of FPI products along with a sentence explaining why API believes the product infringes its patents. APS's allegations in this case are not trade secrets. Nor are the photographs. The photographed product is ubiquitous; indeed, it is placed in packages shipped throughout the country. To the extent FPI's non-infringement contentions claim chart merely repeats or denies APS's accusations, it similarly does not reveal any trade secrets but rather the public allegations. However, the very brief portions of FPI's claim chart which affirmatively explain how FPI's products work or are designed (*e.g.*, sentences beginning, "Instead, FPI uses . . .") may remain under seal. At this stage of proceedings, the Court accepts FPI's uncontested assertion that such information is "treat[ed] . . . as highly confidential in the ordinary course of its business." Baird Decl. ¶ 2 (Docket No. 168-1). If it later emerges that the information is not secret (*e.g.*, if the process or product's design is explained in a published patent or is otherwise public), the Court may deny future sealing requests.

///
///
///
///
///

APS's sealing motion is **DENIED** (Docket No. 164).  FPI's sealing motion is **GRANTED IN PART** and **DENIED IN PART** (Docket No. 168).  The parties shall re-file the exhibits as required by Local Civil Rule 79-5(f).

This order disposes of Docket Nos. 164 and 168.

**IT IS SO ORDERED**.

Dated: May 14, 2018

_____
EDWARD M. CHEN
United States District Judge