UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOMATED PACKAGING SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FREE FLOW PACKAGING INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 18-cv-00356-EMC<br><br>**ORDER DENYING DEFENDANT'S PARTIAL MOTION TO STRIKE PLAINTIFF'S PRELIMINARY ELECTION OF ASSERTED CLAIMS**<br><br>Docket No. 191 |

Defendant moves to strike Plaintiff's assertion of claims 2 and 7 of the '191 patent and claim 8 of the '288 patent (the "Disputed Claims") from its preliminary election of asserted claims, filed June 15, 2018. *See* Docket No. 188. Defendant argues that Plaintiff dropped these claims from its Supplemental Infringement Contentions, served on March 1, 2017. Contrary to Defendant's representation, the supplemental contentions explicitly allege infringement of the Disputed Claims. *See* Docket No. 191-6 at 1-2 (accusing infringement of "at least claims 1-3, 6-8, and 10-12 of [the '191 Patent]; at least claims 1, 2, and 5-13 of [the '288 patent]"). Defendant is correct, however, that the charts attached to the supplemental contentions did not address the Disputed Claims. Further, Plaintiff represented that "[t]hese claim charts and associated exhibits *supplant* previous versions of claim charts and exhibits." *Id.* at 5 (emphasis added). The omission of the Disputed Claims and the use of the ambiguous term "supplant" reasonably may have suggested that Plaintiff dropped those claims; however, in light of the clear allegation of infringement on the first page of the supplemental contentions, Defendant should have

affirmatively sought clarification in a timely manner.[1]

Moreover, Defendant has not identified any uncurable prejudice. The Disputed Claims were addressed in charts produced in connection with Plaintiff's initial infringement contentions, and the parties thereafter exchanged invalidity and validity contentions for those claims. *See* Docket Nos. 195-2, 195-3, 195-6. The parties' claim construction briefs explicitly identified certain disputed terms that appear in claims 2 and 7 of the '191 patent. Defendant maintains that in reliance on the withdrawal, it (i) did not chart the withdrawn claims in its Supplemental Non-infringement or Invalidity Contentions, (ii) withdrew its contentions that certain terms in these withdrawn claims were indefinite, and (iii) dropped prior art references from its Preliminary Election of Prior Art. Any such prejudice, however, can be cured by permitting Defendant to amend these documents within 21 days.

With respect to Defendant's request to file supplemental claim construction briefing and alter the claim construction schedule, the Court declines to do so at this time. Defendant does not identify any terms for which it would have sought construction if it had known the Disputed Claims were still being asserted, nor has it explained how the inclusion of the Disputed Claims impacts the claim construction questions presently briefed to the Court. To the extent Defendant contemplates seeking construction of additional terms, Defendant should be prepared to identify those terms at the claim construction hearing on July 11, 2018, including what terms it would withdraw if the total were to exceed 10. *See* L.P.R. 4-3(c). The Court will then determine whether supplemental briefing and a second hearing are warranted.

This order disposes of Docket No. 191.

**IT IS SO ORDERED**.

Dated: July 5, 2018

_____
EDWARD M. CHEN
United States District Judge

---

[1] The Court is not persuaded that the parties' e-mail exchange about the total number of claims in dispute clearly evidences Plaintiff's acknowledgement that the Disputed Claims had been dropped; the e-mails do not specifically identify or discuss the Disputed Claims. *See* Frenkel Decl. ¶ 16 and Exs. 8 and 9.