United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOMATED PACKAGING SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FREE FLOW PACKAGING INTERNATIONAL, INC., <br><br> Defendant. | Case No. 18-cv-00356-EMC <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** <br><br> Docket No. 218 |

This patent dispute relates to the air-filled plastic pouches that are placed in packages to fill empty space and protect merchandise. On August 2, 2018, the Court issued a Claim Construction Order largely adopting the constructions proposed by Defendant Free Flow Packaging International ("FPI"). *See* Docket No. 217 ("Order"). On August 8, 2018, Plaintiff Automated Packaging Systems ("APS") requested leave to file a motion for reconsideration of the part of the Court's Order construing the term "gap forming area" in claim 1 of the '459 Patent. *See* Docket No. 218 ("Mot."). The crux of APS's argument is that the Court failed to consider the points made in APS's claim construction reply brief. For the reasons below, the motion is **DENIED**.

## I. LEGAL STANDARD

Under Local Rule 7-9, a party must seek leave of the court to file a motion for reconsideration. N.D. Civ. L.R. 7-9(a). To prevail, a party "must specifically show reasonable diligence in bringing the motion" *and* show that one of the following conditions is true:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law

at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

N.D. Civ. L.R. 7-9(b). A motion for leave may not "repeat any oral or written argument made by the applying party of or in opposition to the interlocutory order which the party now seeks to have reconsidered." N.D. Civ. L.R. 7-9(c).

APS's motion repeats arguments already made and considered by the Court. APS thus fails to demonstrate this Court committed a manifest failure to consider materials facts or dispositive legal arguments.

## II. <u>DISCUSSION</u>

APS seeks reconsideration of the Court's construction of the term "gap forming area" in claim 1 of the '459 Patent under Local Rule 7-9(b)(3). APS contends that the Reply Brief discusses its January 7, 2010 Response to Non-Final Office Action in full context, and that without the benefit of this discussion the Court misconstrued the scope of the '459 Patent. Mot. at 1. However, the Court did assess the January 7, 2010 Response as well as the legal arguments made in the Reply Brief.

APS urges the Court to take into account its Response to Non-Final Office Action, which is quoted extensively in the Reply Brief, in order to see that "the two sentences quoted by FPI" from the Response "do not support, but flatly contradict the ['gap forming area'] construction that FPI urged upon the Court." Mot. at 1. But the Court did consider the full context of the Response, even if the Order did not cite the Reply Brief directly. The Order evaluated the Response language quoted by APS that "the term 'gap forming area' is generic and reads on all of the gap forming area embodiments shown in Figures 4–6" in the context of the rest of the Response. *See* Order at 32–33 (discussing the sentence following the quoted language as well as "other portions of this document"). Having considered the Response as a whole, the Court concluded that APS's "unambiguous disclaimer [of the embodiments in Figures 4 and 5] is evident," notwithstanding the quoted sentence characterizing "gap forming area" as applying more

2

1 broadly. *Id.* at 33.

2 APS argues that the Court misread APS's prosecution history statement, "all the pending claims *read on* that [Figure 6] embodiment," "as if it read instead, 'all of the pending claims read *only* on that embodiment.'" Mot. at 3 (emphases in original). APS made, and the Court responded to, the same point at the hearing. *See* Order at 33 ("APS attempted to argue that by cancelling claims that read only on the disclaimed embodiments, it did not simultaneously limit the scope of the surviving claims to disclaim the same embodiments."). *See* Order at 33–34.

Finally, APS contends that the Court's Order construed claim 1 "as if the term 'gap forming area' were not expressly defined in the patent, and as if that term incorporated the limitations of dependent claim 2." Mot. at 1. The Order, however, explicitly recognized that the claim language, Order at 31–32, but decided to adopt the construction limiting "gap forming area" to the embodiment in Figure 6 only because of the express disclaimer in APS's January 7, 2010 Response. *Id.* at 32. As to claim 2 in the '459 Patent, Mot. at 3, the Court concluded that "the claim differentiation doctrine does not overcome the power of APS's unambiguous disclaimer." Order at 34.

### III.     CONCLUSION

For the foregoing reasons, APS has failed to meet its burden to show that grounds exist to merit granting leave to file a motion for reconsideration. Accordingly, the motion is **DENIED**.

This order disposes of Docket No. 218.

**IT IS SO ORDERED**.

Dated: September 19, 2018

_____
EDWARD M. CHEN
United States District Judge

3