UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOMATED PACKAGING SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FREE FLOW PACKAGING INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 18-cv-00356-EMC<br><br>**ORDER DENYING PLAINTIFF'S UNOPPOSED MOTION TO VACATE CLAIM CONSTRUCTION ORDER**<br><br>Docket No. 246 |

Plaintiff Automated Packaging Systems ("APS") brought this patent dispute relating to the air-filled plastic pouches that are placed in packages to fill empty space and protect merchandise. On August 2, 2018, the Court issued a claim construction order largely adopting the constructions proposed by Defendant Free Flow Packaging International ("FPI"). *See* Docket No. 217. The parties have reached a settlement of the dispute, and APS has now filed a motion to vacate the Court's claim construction order. *See* Docket No. 246 ("Mot."). FPI does not oppose the motion.

For the reasons below, the Court **DENIES** the motion to vacate the claim construction order.

## I.   LEGAL STANDARD

While appellate court vacatur of district court judgments in the context of settlement agreements should be granted only in "exceptional circumstances," *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994), district courts enjoy "greater equitable discretion when reviewing [their] own judgments than do appellate courts operating at a distance," *Am. Games, Inc. v. Trade Prod., Inc.*, 142 F.3d 1164, 1169–70 (9th Cir. 1998). Therefore, a district court in this circuit, including in the context of mootness by settlement, may vacate one of its own

1 judgments absent exceptional circumstances. *See id.* at 1168–69. "Under [Federal Rule of Civil
2 Procedure] 54(b), district courts have complete power over non-final orders" such as the claim
3 construction order here, and "may vacate or revise them at any time, if doing so would be
4 consonant with equity." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 14-CV-2058 JST,
5 2017 WL 2481782, at *5 n.14 (N.D. Cal. June 8, 2017) (citations and internal quotation marks
6 omitted). Thus, district courts conduct an "equitable balancing of the hardships and the public
7 interests at stake" to determine whether vacatur is appropriate. *Am. Games, Inc.*, 142 F.3d at
8 1166.

9 In the specific context of claim construction orders, many courts in recent years have
10 adopted the factors articulated in *Cisco Systems, Inc. v. Telcordia Technologies., Inc.*, 590 F.
11 Supp. 2d 828, 830 (E.D. Tex. 2008), to assess whether vacatur would be equitable: (1) the public
12 interest in the orderly operation of the federal judicial system; (2) the parties' desire to avoid any
13 potential preclusive effect; (3) the court's resources that will be expended if the case continues;
14 and (4) the parties' interest in conserving their resources. *See, e.g.*, *RE2CON, LLC v. Telfer Oil
15 Co.*, No. 2:10-CV-00786-KJM, 2013 WL 1325183, at *3 (E.D. Cal. Mar. 29, 2013) (applying
16 *Cisco* standard); *W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.*, No. CV 11-515-LPS, 2017 WL
17 4231572, at *2 (D. Del. Sept. 20, 2017) (same); *Contour Hardening, Inc. v. Vanair Mfg., Inc.*, No.
18 114CV00026JMSMJD, 2016 WL 10490508, at *1 (S.D. Ind. Feb. 23, 2016) (same).

## II. <u>DISCUSSION</u>

20 APS argues that all four *Cisco* factors weigh in favor of vacatur in this case. Mot. at 1.
21 The Court discusses each factor in turn below.

22 A. <u>Orderly Operation of the Federal Judicial System</u>

23 In granting vacatur of claim construction orders pursuant to settlement, courts have noted
24 "the public policy encouraging the settlement of private dispute." *Lycos, Inc. v. Blockbuster, Inc.*,
25 No. C.A. 07-11469-MLW, 2010 WL 5437226, at *3 (D. Mass. Dec. 23, 2010). The *Cisco* court
26 identified two additional reasons why vacatur would not impede the orderly operation of the
27 judicial system. First, even if a claim construction order is vacated, "whatever instructive or
28 persuasive guidance it may provide continues to exist." *Cisco Sys.*, 590 F. Supp. 2d at 831.

1  Second, district courts' claim construction orders are reviewed de novo by the Federal Circuit,
2  "caution[ing] parties and the public against excessive reliance on any district court's
3  construction." *Id.* at 830.

However, courts in this district have sounded concerns about the "weighty policy concerns" that are raised by "allowing a patent holder to litigate issues of claim construction and infringement, only to settle and obtain vacatur of any unfavorable rulings." *Zinus, Inc. v. Simmons Bedding Co.*, No. C 07-3012 PVT, 2008 WL 1847183, at *2 (N.D. Cal. Apr. 23, 2008). As Judge Orrick explained in denying vacatur of a claim construction order in *FlatWorld Interactives LLC v. Apple Inc.*, "a court should not chisel out parts of the public record and the body of law merely because an unsatisfied party wants to destroy the remains of its loss." No. 12-cv-01956-WHO, 2014 U.S. Dist. LEXIS 75529, at *6–7 (N.D. Cal. May 15, 2014). Were the practice of obtaining a substantive ruling and then settling on the condition that such ruling be vacated to become routine, it would not only waste significant judicial resources, but could also relegate courts to playing the role of oddsmakers rather than adjudicators. Thus, courts should carefully scrutinize requests to vacate orders where the request is not based on the merits.

Moreover, while settlement of disputes is generally encouraged as a policy matter, the Supreme Court in "*Bonner Mall* intimate[d] that denying motions to vacate claim construction should actually encourage parties to settle *before* courts expend substantial resources on *Markman* hearings." *RE2CON*, 2013 WL 1325183, at *5 (emphasis in original) (citing *Bonner Mall*, 513 U.S. at 28). The result sought by APS here "would do just the opposite by encouraging litigants to test their proposed claim constructions via a full-blown *Markman* hearing and decision before settling." *Allen-Bradley Co., LLC v. Kollmorgen Corp.*, 199 F.R.D. 316, 319–20 (E.D. Wis. 2001).

Because vacatur can be abused as a mechanism for litigants to obtain a kind of sneak peek of the merits of their patent claims without being subject to binding consequences, thus potentially delaying settlement and wasting judicial resources, caution weighs against vacatur.

B.  Potential Preclusive Effect

"The collateral or precedential value of *Markman* orders is an unsettled issue" because

3

collateral estoppel depends on whether a judgment is deemed "final" and "standards of finality vary by circuit." *RE2CON*, 2013 WL 1325183, at *3–4. Moreover, a claim construction order would still be subject to modification if litigation were to continue. *Id.* at *4. In the context of this uncertainty, courts have reasoned that where settlement means "there has been no final determination [of a patent claim] on the merits," there is less reason to give a claim construction order preclusive effect. *Cisco Sys.*, 590 F. Supp. 2d at 831. The *Cisco* court concluded that "the parties' desire to avoid any preclusive effect favor granting the vacatur." *Id.*

On the other hand, if a claim construction order were to have a preclusive effect or at least serve as an important precursor to preclusion, *see FlatWorld Interactives*, 2014 U.S. Dist. LEXIS 75529, at *6, this factor weighs against vacatur. Moreover, there is "logic in preventing a party from taking inconsistent positions in successive cases on issues that affect important public interests such as invalidity and infringement of patents." *Id.*

In view of these countervailing considerations, this factor is neutral.

C. <u>Court's and Parties' Resources</u>

APS contends that vacatur advances the parties' interest in conserving their resources, since they "would necessarily spend time and money [trying the case] if settlement was not to take place." Mot. at 5. And if denial of vacatur here means that the parties' litigation would proceed, the Court would "most likely need to expend substantial resources to prepare and issue a post-trial opinion resolving the merits of the parties' disputes." *Forest Labs., Inc. v. Teva Pharm. USA Inc.*, No. CV 14-121-LPS, 2016 WL 3606177, at *3 (D. Del. May 25, 2016). Thus, courts have found that resource-conservation considerations weigh in favor of vacatur.

On the other hand, the Court has already been required to entertain briefing and hear oral argument in resolving the claim construction issues in this case. "The public paid for this use of court resources through its tax dollars," and "[v]acatur would render that expenditure a waste." *Zinus*, 2008 WL 1847183, at *2; *see also Forest Labs.*, 2016 WL 3606177, at *2 ("When parties brief and argue claim construction disputes, which require resolution by the Court, it will usually be inefficient . . . to treat the Court's resolution of such disputes as a nullity by granting [vacatur]."). A further concern is that granting vacatur "would increase the possibility that other

4

courts might be called on to expend duplicative resources in construing the terms" of the patents at issue. *RE2CON*, 2013 WL 1325183, at *5. Moreover, as noted above, allowing vacatur in these circumstances would result in fewer settlements prior to claim construction.

In any event, APS represents that the parties have already executed a settlement agreement, and "it is not clear if that agreement is expressly conditioned upon the court's granting this motion to vacate." *RE2CON*, 2013 WL 1325183, at *4. Thus, it appears that the parties and the Court would not expend additional resources if this motion is denied. *Compare U.S. Gypsum Co. v. Pac. Award Metals, Inc.*, No. C 04-04941JSW, 2006 WL 1825705, at *1 (N.D. Cal. July 3, 2006) (granting motion to vacate claim construction order where "the parties contend[ed] that the agreement to file the . . . motion was a significant factor in successfully resolving this litigation").

On balance, this factor weighs slightly against vacatur.

### III. CONCLUSION

The concerns against permitting vacatur here outweigh those which favor vacatur. Accordingly, the motion to vacate is **DENIED**.

This order disposes of Docket No. 246.

**IT IS SO ORDERED**.

Dated: November 29, 2018

_____
EDWARD M. CHEN
United States District Judge

5